# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-11077
Summary Calendar

THOMAS SCOTT MOLLOY,

Petitioner-Appellant,

versus

J. KEITH PRICE, Senior Warden, PhD;
GARY L. JOHNSON, Director, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(4:97-CV-173-Y)

June 14, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Thomas Scott Molloy, a Texas state prisoner, appeals the denial of his habeas corpus

petition, filed under 28 U.S.C. § 2254. Molloy contends that his defense attorney's prior

involvement as a prosecutor created a conflict of interest amounting to *per se* ineffective

assistance of counsel. Molloy also asserts that the denial of his application for habeas relief

by the state court is subject to *de novo* review.

Molloy's position with respect to the standard of review is without merit. As held by

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

the district court in its order denying habeas relief, the proper standard of review for federal habeas applications presenting mixed questions of law and fact, such as is herein presented, is whether the state court decision unreasonably applied federal law.[1]

Molloy's contention that his defense counsel's alleged conflict of interest constituted ineffective assistance of counsel also lacks merit. Molloy has failed to satisfy the usual ineffective assistance of counsel test – he has not demonstrated error by counsel falling below the objective standard of reasonableness and which, with reasonable probability, changed the result of the trial.[2] Nor has he satisfied the more lenient standard arguably applicable to this case; he has not established that an actual conflict of interest adversely affected his counsel's performance.[3] Finally, Molloy's requested application of a *per se* rule of ineffective assistance of counsel is not warranted in this case.[4]

Accordingly, we perceive no error in the district court's judgment.

AFFIRMED.

---

[1] See U.S.C. § 2254(d)(1); **Drinkard v. Johnson**, 97 F.3d 751 (5th Cir. 1996).

[2] **Strickland v. Washington**, 466 U.S. 668 (1984).

[3] **Cuyler v. Sullivan**, 446 U.S. 335 (1980).

[4] See **United States v. Maria-Martinez**, 143 F.3d 914 (5th Cir. 1998), cert. denied, 119 S.Ct. 876 (1999).